UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS COLEMAN,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

Criminal Case No. 15-20624-3
Civil Case No. 17-12284

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

_____/

**ORDER DENYING IN PART MOVANT'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 [181]; AND APPOINTING FEDERAL DEFENDER TO REPRESENT MOVANT AT EVIDENTIARY HEARING ON REMAINING CLAIM FOR RELIEF**

On July 12, 2017, Movant, Chris Coleman, filed a Motion to Vacate, Set Aside, or Correct Sentence [181] pursuant to 28 U.S.C. § 2255. On November 30, 2017, the Government filed a Response [211]. For the reasons stated below, the Motion to Vacate Sentence [181] is **DENIED in part** with the remaining issues to be decided after an evidentiary hearing.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 16, 2015, a grand jury returned a Superseding Indictment [70] charging Mr. Coleman, among others, with: Conspiracy to Distribute and to Possess with Intent to Distribute Heroin (Count I); Conspiracy to Distribute and to Possess with Intent to Distribute Heroin Within 1000 Feet of an Outdoor Facility

Containing a Playground (Count III); and Distribution of Heroin Resulting in Serious Bodily Injury (Count IV).

On March 14, 2016, Mr. Coleman pleaded guilty to Counts I and IV pursuant to a Rule 11 Plea Agreement ("Plea Agreement"). Count IV, Distribution of Heroin Resulting in Serious Bodily Injury, carried a mandatory minimum penalty of 20 years of imprisonment.

The Plea Agreement [106] provided that Mr. Coleman, along with seven other named defendants, agreed to possess and distribute heroin in Detroit from 2012 to 2015. The Plea Agreement further provided:

> . . . CHRIS COLEMAN, knowingly and intentionally distributed a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, which distribution resulted in the serious bodily injury of another person, D.K., from the use of such substance. All parties agree that D.K. experienced serious bodily injury due to the fact that he was unconscious and barely breathing after ingesting the heroin provided by COLEMAN . . . .

Mr. Coleman's sentencing guidelines' range was 360 months (30 years) to life. The parties agreed to a sentence of 240 months (20 years), the mandatory minimum for Count IV. In addition, upon the Court's acceptance of the Plea Agreement, the Government agreed to dismiss Count III and further agreed not to file an enhancement under 21 U.S.C. § 851 which would have required the imposition of a life sentence.

At the Plea Hearing, Mr. Coleman acknowledged the minimum and maximum penalties for Counts I and IV. Plea Hr'g Tr. 6:4-10, Mar. 14, 2016. Throughout the Plea Hearing, the Court repeatedly asked Mr. Coleman whether he understood the proceedings and clarified: "I am asking you all these [']do you understand['] questions because that is my job, to make sure you know the consequences of pleading guilty." *Id.* at 6:11-13. Moreover, Mr. Coleman stated that he went over the Plea Agreement with his attorney. *Id.* at 9:22-24. The Court accepted Mr. Coleman's plea as voluntary.

On July 11, 2016, the Court held a Sentencing Hearing. Neither party objected to the Presentence Report and the guidelines' range of 360 months (30 years) to life. Sent'g Hr'g Tr. 5:14-18; 6:11-19, July 11, 2016. In recommending a sentence of 240 months (20 years), the Government stated:

> Your Honor, this is a situation where there is a mandatory penalty of 20 years . . . . Heroin is a serious problem. Two hundred forty months is a serious sentence. It is obviously below the guideline range. It's also much less than what could have been the case had we filed a sentencing enhancement that would have resulted in mandatory life.

*Id.* at 7:2-10.

Mr. Coleman's attorney similarly recommended a 240-month (20-year) sentence, noting:

> Your Honor, this is a serious matter. Mr. Coleman recognizes that. This will be the longest sentence he has ever served. I believe that it was appropriate and that's one of the reasons that the Government and we were able to come to our agreement. We are hoping the Court will

follow it and sentence Mr. Coleman to no more than the 20 year minimum that he must serve.

*Id.* at 7:14-20.

On July 26, 2016, the Court sentenced Mr. Coleman to 240 months (20 years) of imprisonment on Counts I and IV to run concurrent. Mr. Coleman did not appeal his conviction. He filed this Motion to Vacate [181] on July 12, 2017.

**ANALYSIS**

To succeed on a motion to vacate, set aside, or correct sentence, a movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

Mr. Coleman alleges a violation of his constitutional right to the effective assistance of counsel, an error of constitutional magnitude. To establish ineffective assistance of counsel, the movant must demonstrate that defense counsel rendered deficient performance and prejudiced his defense, so as to render the outcome of the proceedings unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

## I. Advice concerning the elements of the offense and the consequences of pleading guilty

In Grounds One and Four, Mr. Coleman argues that counsel was ineffective for advising him to plead guilty to Count IV without informing him of the elements of the offense. This argument is without merit. The record establishes that Mr. Coleman's attorney, and the Court, properly advised Mr. Coleman of the elements of Counts I and IV and the consequences of pleading guilty.

With respect to Count IV, the Court asked: "And the third element is the distribution resulting in the death or serious injury to another person from the use of heroin. Did you know that?" Plea Hr'g Tr. at 13:16-19. The Court went on: "Do you understand that? You could have caused death and did cause serious injury?" *Id.* at 14:16-17. Mr. Coleman answered "yes" to both of the Court's questions. *Id.* at 14:18.

Moreover, upon accepting the plea as voluntary, the Court found that Mr. Coleman "underst[ood] the consequences in terms of both the possibility and the likelihood of going to prison for a long period of time and [understood] the rights [he was] giving up." *Id.* at 20:17-21. The Court's "proper colloquy can be said to have cured any misunderstanding [Mr. Coleman] may have had about the consequences of his plea." *Ramos v. Rogers*, 170 F.5d 360, 565 (6th Cir. 1999).

Additionally, Mr. Coleman's argument that "serious bodily injury" is an element that "must be found by a jury" is similarly unavailing. Mr. Coleman

admitted on the record that he distributed heroin that caused serious bodily injury – he cannot now claim that counsel should have objected to facts to which he stipulated in open court. *See Morris v. United States*, No. 1:12-CR-91-1-HSM-WBC, 2017 WL 1088289, at *8 (E.D. Tenn. Mar. 21, 2017) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.")).

## II. Advice concerning the plea deal

In Ground Two, Mr. Coleman argues that counsel was deficient by misadvising him on whether the Government would offer a plea deal that excluded Count IV, which carried a mandatory minimum of 20 years. Mr. Coleman correctly notes that, of his seven co-defendants, he was the only person whose plea agreement included Count IV. His co-defendants exclusively pleaded guilty to Conspiracy to Distribute and to Possess with Intent to Distribute Heroin (Count I). Their sentences range from one day to 15 years of imprisonment. None of Mr. Coleman's co-defendants received a 20-year sentence.

The Sixth Amendment right to counsel extends to the plea bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). Therefore, Mr. Coleman was "entitled to the effective assistance of competent counsel" during plea negotiations. *Id.* (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

In plea bargaining, "defense attorneys must make careful strategic choices in balancing opportunities and risks." *Premo v. Moore*, 562 U.S. 115, 125 (2011). However, neither defense attorneys, nor the Court, have control over the specific deals offered to defendants. Though unfortunate for Mr. Coleman, the harsh reality of the plea bargaining process is that the Government has sole discretion over the plea deals it chooses to offer, or not to offer, to the people it charges. *See Missouri v. Frye*, 566 U.S. 134, 148 (2012) (citing *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977)) ("[A] defendant has no right to be offered a plea . . . ."). In light of the Government's power over plea bargaining, Mr. Coleman has not shown that his attorney's failure to secure a better deal constituted deficient performance.

### III. Advice concerning trial strategy

In Ground Three, Mr. Coleman argues that counsel was deficient for advising him "to plead guilty without ever conducting an investigation" and failing to "advise[] him of potential strategies." [Dkt. #181 at 7]. Mr. Coleman submits that, after his arrest, his attorney only visited him one time. Mr. Coleman further submits that his attorney did not file any pretrial motions on his behalf.

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. Furthermore, counsel "has a clear obligation to fully inform [his]

client of the available options." *Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003).

Mr. Coleman's factual allegations raise a question as to whether his attorney's conduct fell below an objective standard of reasonableness. The Court is especially concerned with Mr. Coleman's allegation that his attorney only visited him one time before advising him to plead guilty to a charge which carried a mandatory minimum of 20 years of imprisonment. "[W]ithout meetings between counsel and client, there is little to no hope that the client will develop a fundamental base of communication with his attorney, such that the client will freely share important information and work comfortably with the lawyer in developing a defense plan." *Scott v. Sobina*, No. CIV.A. 09-1081, 2011 WL 6337566, at *4 (E.D. Pa. Dec. 16, 2011) (internal citation and quotation marks omitted).

The Court recognizes that "[t]he mere fact that petitioner's trial counsel may have spent little time with him is not enough under *Strickland* to establish ineffective assistance of counsel, [where the petitioner has not presented] evidence of prejudice or other defects." *Porter v. Berghuis*, No. 04-cv-71350, 2005 WL 2063946, at *10 (E.D. Mich. Aug. 23, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 506 (6th Cir. 2003)). But, without a more thoroughly developed record of the facts, the Court cannot make a determination as to deficiency and prejudice.

An evidentiary hearing is necessary because the record is inconclusive with respect to whether Mr. Coleman is entitled to relief. *See* 28 U.S.C. § 2255(b). Through an evidentiary hearing, and with the assistance of counsel, Mr. Coleman may be able to demonstrate that "additional meetings with his counsel, or longer meetings with his counsel, would have led to new or better theories of advocacy or otherwise would have created a 'reasonable probability' of a different outcome." *Hill v. Mitchell*, 400 F.3d 308, 325 (6th Cir. 2005).

## Conclusion

The Court must hold an evidentiary hearing to resolve Mr. Coleman's argument that his counsel was ineffective for failing to investigate, meet with him, and advise him of potential trial strategies. However, Mr. Coleman's other arguments fail to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny the Motion, and deny a certificate of appealability, to the extent the Motion is based on these arguments. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate and Correct Sentence [181] is **DENIED in part**. The Motion is denied, and Movant is denied a certificate of appealability, with respect to all arguments except Movant's

argument that his counsel was ineffective for failing to investigate, meet with him, and advise him of potential trial strategies.

**IT IS FURTHER ORDERED** that the Federal Defender is **APPOINTED** to represent Movant at an evidentiary hearing on his remaining claim for relief.

**SO ORDERED**.

Dated: May 10, 2018

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge